UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID WAYNE GIBSON JR. | * | CIVIL ACTION |
| VERSUS | * | NO. 25-353 |
| AMERICAN TRAVEL ASSOCIATES, ET AL. | * | SECTION "T" (2) |

**REPORT AND RECOMMENDATION**

In accordance with 28 U.S.C. § 636(b)(1)(B) and 28 U.S.C. § 1915(e)(2) and the Honorable Greg Guidry's Order of Reference, the undersigned submits this Report and Recommendation regarding Plaintiff David Wayne Gibson, Jr.'s Second Amended Complaint and addressing Plaintiff's pending "Motion for Protective Oversight and Request for Threat-Assessment Referral." ECF Nos. 13, 20, 28. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

For the reasons stated herein, it is RECOMMENDED that Plaintiff's claims be DISMISSED WITH PREJUDICE, without leave to amend, and that Plaintiff's Motion for Protective Oversight and Request for Threat-Assessment Referral be DENIED.

I.    **BACKGROUND**

A. **Procedural History**

Plaintiff David Wayne Gibson Jr. originally filed this employment discrimination lawsuit against his former employer American Travel Associates and three employees (Terry Robin, Rebecca Gavin and Samantha Lagarenne) as well as a Motion to Proceed *in forma pauperis*. ECF Nos. 1, 2. The court granted the request to proceed *in forma pauperis* but withheld service and ordered Plaintiff to file an amended complaint with details on how each defendant was involved,

1

violated his rights or harmed him, as well as why he believes he was discriminated on the basis of his alleged disabilities and what accommodations were requested and refused.  ECF Nos. 4, 5.

Plaintiff filed an Amended Complaint.  ECF No. 6.  After review, Magistrate Judge Bourgeois recommended that Plaintiff's claims be dismissed because he failed to specify the acts taken by each individual and because there is no basis for an employment discrimination claim against the three individual employees.  ECF No. 7.  Judge deGravelles adopted the Report and Recommendation and dismissed Plaintiff's claims for failure to cure the deficiencies and based on frivolousness.  ECF Nos. 8, 9.  In response to Plaintiff's Motion for Reconsideration, Judge deGravelles granted the motion and gave Plaintiff 30 days within which to file a Second Amended Complaint.  ECF Nos. 11, 12.

Before review of the Second Amended Complaint, the case was transferred to this Court. ECF No. 15.  In response this Court's show cause order regarding service, Plaintiff indicated that he requested, but was denied, service through the Los Angeles Sheriff.  ECF Nos. 18, 19.  Given his *pro se* status and that he is proceeding *in forma pauperis*, Plaintiff was provided with the requisite forms to request service by the U.S. Marshal, which he filed into the record.  ECF Nos. 21, 27.

Plaintiff later filed a motion asking the Court to order protective oversight measures to ensure his safe access to the court, to reduce retaliation and intimidation during this matter, and to preserve time-sensitive evidence, presumably from interference by his California-based former employer though that is unclear.  ECF No. 28 ¶ 1.  Plaintiff acknowledges that summons has not yet been issued and the defendant has not yet been served.  *Id.* ¶ 4.  Plaintiff indicates that he has not yet sought discovery from any source due to his safety concerns.  *Id.* ¶ 7.  He also asserts that he has been subjected to threats and intimidation and seeks a variety of prophylactic orders to

redact or seal information. *Id.* ¶¶ 8-19. The attached exhibits, however, have no apparent relation to this employment discrimination suit; rather, they appear to relate to a state court domestic stay-away order. ECF Nos. 28-7, 28-8.

### B. Plaintiff's Second Amended Complaint

Plaintiff's original Complaint named his former employer (American Travel Associates) and three of its employees. ECF No. 1. Apparently in recognition that a plaintiff may not pursue employment discrimination claims against individual employees,[1] Plaintiff appears to have dropped any effort to pursue claims against the three employees; instead, he pursues his claim only against his former employer, American Travel Associates. Indeed, both his First and Second Amended Complaints name only one defendant, American Travel Associates,[2] and he requests service upon only American Travel Associates. ECF Nos. 19, 27-2, 27-3.

The Second Amended Complaint asserts employment discrimination claims, specifically violations of the Americans With Disabilities Act and the Louisiana Employment Discrimination Laws, for failure to provide reasonable accommodation, failure to engage in the interactive process, and retaliation. ECF No. 13 at 1, 4-5. Plaintiff asserts that American Travel Associates is an "employer" because it employs 15 or more employees. *Id.* at 2. As to specifics, Plaintiff alleges that he worked as a travel associate in Defendant's hotel department from April 2022 through October 2022. *Id.* at 2-3. Because of his documented history of bipolar disorder and ADHD, on August 2, 2022, Plaintiff requested reasonable accommodations for his disabilities including flexibility for time missed and absences related to treatment and medical care. *Id.* at 2-3. Plaintiff contends Defendant did not request formal documentation of his disability until months

---

[1] *See* ECF No. 7 at 4-5.
[2] *Compare* ECF No. 1, *with* ECF No. 6, *and* ECF No. 13; *see also* FED. R. CIV. P. 10(a) (requiring the title of the complaint to name all parties and authorizing later filings to refer generally to other parties (i.e., using "et al.")).

later and delayed engaging in the interactive process until October 18, 2022, and then terminated his employment on October 28, 2022. *Id.* Plaintiff's relevant allegations are:

(1) He was employed by Defendant from April 2022 through October 2022.
(2) He has a history of bipolar disorder and ADHD, which substantially limit his major life activities of concentrating, decision-making, and stress management.
(3) On August 2, 2022, he sought reasonable accommodation (i.e., flexibility for time missed and absences related to treatment and medical care) for his disabilities.
(4) Defendant failed to request documentation of his condition until October 12, 2022 and failed to engage in the interactive process.
(5) Plaintiff requested documentation from his mental health provider before an October 18, 2022 meeting.
(6) Defendant fired him on October 28, 2022, after he requested a reasonable accommodation for his disabilities and before his documentation could be provided.
(7) Plaintiff filed an EEOC charge in September 2023.

ECF No. 13 at 2-5 (¶¶ III(1, 3-7, 11), ¶ IV(Count 1 ¶ 2; Count 2 ¶¶ 2, 3).

## II.   **STATUTORILY REQUIRED SCREENING**

Section 1915(e)(2) authorizes the court to review an *in forma pauperis* complaint for a cognizable claim and dismiss the complaint if it is frivolous and/or fails to state a claim.[3] A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[4] The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its attachments.[5] The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[6]

---

[3] 28 U.S.C. § 1915(e)(2)(B); *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).

[4] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[5] *Walch v. Adjutant Gen.'s Dep't of Tex.*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).

[6] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).

"[W]hen evaluating a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff."[7]  The court should assume the veracity of all well-pleaded allegations and view them in the light most favorable to the plaintiff and then determine whether they plausibly give rise to an entitlement to relief.[8]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6), the Supreme Court held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[9]  If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and §1915(e).[10]  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[11]

When assessing whether a plaintiff states an employment discrimination claim, the plaintiff "need not make out a prima facie case of discrimination [under *McDonnell Douglas Corp. v. Green*] in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim."[12]  Instead, a plaintiff generally must plead two ultimate elements:  (1) an adverse employment action (2) taken against him because of his protected status.[13]  Similarly, for a retaliation claim, a plaintiff must

---

[7] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (cleaned up)); *accord. Murchison Cap. Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Off.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); and citing *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 n.10 (5th Cir. 2017)).

[8] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *Iqbal*, 556 U.S. at 664).

[9] *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).; *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992) (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).

[10] *Moore*, 976 F.2d at 269.

[11] *Id.*

[12] *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013); *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002) (holding that *McDonnell Douglas prima facie* evidentiary standard does not apply to the pleading standard necessary to survive a motion to dismiss).

[13] *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (quoting *Raj*, 714 F.3d at 331).

plausibly "allege facts going to the ultimate elements of the claim to survive a motion to dismiss."[14]

"A court . . . inappropriately heightens the pleading standard by subjecting a plaintiff's allegations to a rigorous factual or evidentiary analysis under the *McDonnell Douglas* framework in response to a motion to dismiss."[15]

### III.    APPLICABLE LAW AND ANALYSIS

The Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 ("ADA") and Louisiana Employment Discrimination Law (LEDL"), LA. REV. STAT. §§ 23:301-370, both prohibit disability-based discrimination.  42 U.S.C. § 12112; LA. REV. STAT. § 23:323.  The LEDL is modeled after federal law and construed in light of federal precedent.[16]  Accordingly, the Court's analyses under the LEDL and the ADA are the same.[17]

#### A.  Definition of Employer

Although modeled after federal law, there is one important difference in scope between the ADA and LEDL.  The ADA defines an "employer" as a person or entity with 15 or more employees,[18] but the LEDL defines an "employer" as a person or entity with 20 or more employees *within the state*.[19]  This numerical qualification requirement is an element of the claim.[20]

Here, Plaintiff alleges that Defendant conducts business nationwide and employs more than 15 employees.  ECF No. 13 at 2 (¶ II(2)).  This allegation is sufficient to satisfy one element of an

---

[14] *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021) (quoting *Cicalese*, 924 F.3d at 768).

[15] *Smith v. Kendall*, No. 23-50713, 2024 WL 4442040, at *4 (5th Cir. Oct. 8, 2024) (per curiam) (citing *Cicalese*, 924 F.3d at 767).

[16] *See, e.g.*, *Smith v. Thurman Oils, Inc.*, 951 So. 2d 359, 361 (La. App. 1 Cir. 2006) (noting courts rely on similar federal statutes and the interpreting federal jurisprudence when interpreting LEDL claim).

[17] *Mitchell v. Prudential Ins. Co. of Am.*, No. 24-1174, 2025 WL 2207000, at *5 (E.D. La. Aug. 4, 2025) (Vance, J.) (citing *Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 315 (5th Cir. 2007) (applying the ADA's standard for disability discrimination to a claim asserted under the LEDL claim); *Leaumont v. City of Alexandria*, 582 F. App'x 407, 410–11 (5th Cir. 2014) (applying the same standard to disability discrimination claim under the LEDL and ADA)).

[18] 42 U.S.C. §§ 2000e(b), 12111(5)(A).

[19] LA. REV. STAT. § 23:302(2).

[20] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 503, 515-16 (2006); *Bass v. UPS Cap. Corp.*, No. 08-1288, 2008 WL 2906518, at *1 (E.D. La. July 24, 2008) (Barbier, J.) (dismissing LEDL claim for failure to allege minimum of 20 employees in the state).

ADA claim, but it does not satisfy the similar LEDL element. Because a defendant must employ 20 or more employees within Louisiana (not nationwide), the Second Amended Complaint fails to state an LEDL claim.

### B. Plaintiff's Claims are Untimely

#### 1. ADA Requirement of Administrative Exhaustion

The filing of a charge with the Equal Employment Opportunity Commission ("EEOC") is a prerequisite to bringing claims under the ADA.[21] A plaintiff may not file an ADA claim in federal court without first exhausting the statutorily required administrative remedies.[22] Any subsequent lawsuit under the ADA is restricted to the scope of the plaintiff's administrative charge and the EEOC investigation that can reasonably be expected to grow out of that charge.[23] If a plaintiff fails to exhaust the administrative remedies, the court must dismiss the unexhausted claims on their merits.[24]

Under the ADA, in a deferral state like Louisiana, a plaintiff must file an EEOC charge within 300 days of the alleged unlawful practice.[25] Failure to file an EEOC charge within 300 days of the date of any alleged discrete act results in the loss of the ability to recover for the alleged wrong.[26] "Discrete acts" are acts that occur on a date certain (i.e., termination, failure to promote, denial of transfer, refusal to hire) in contrast to a hostile work environment claim that may manifest over time.[27] Once the EEOC issues a determination letter, a plaintiff has 90 days to file suit.[28]

---

[21] *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996) (per curiam).

[22] *See id.* at 789.

[23] *Pacheco v. Mineta*, 448 F.3d 783, 788-89 (5th Cir. 2006).

[24] *Dao*, 96 F. 3d at 788-89.

[25] *See* 42 U.S.C. §§ 2000e–5(e)(1), 12117(a); *see also Martin v. Lennox Int'l Inc*., 342 F. App'x 15, 17-18 (5th Cir. 2009) (quoting *Ramirez v. City of San Antonio*, 312 F.3d 178, 181 (5th Cir. 2002)).

[26] *AMTRAK v. Morgan*, 536 U.S. 101, 113 (2002).

[27] *Id*. at 114-15.

[28] *See* § 2000e–5(f)(1); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147 (1984); *Julian v. City of Houston*, 314 F.3d 721, 26 (5th Cir. 2002).

Plaintiff attached the EEOC Determination Notice to his original complaint, but he did not attach his EEOC charge of discrimination. ECF No. 1-1. Without reviewing the EEOC charge, the undersigned cannot discern whether he properly exhausted any employment claim he seeks to assert in this matter. Although Plaintiff did not attach his EEOC charge, he does allege that he filed his complaint with the EEOC in September 2023. ECF No. 13 at 3 (¶ 11). Given that Plaintiff also alleges that he was terminated on October 28, 2022, it is clear that Plaintiff filed his EEOC charge more than 300 days after the allegedly discriminatory acts. *See id.* at 3 (¶ 6). As such, his ADA claim is untimely, and no allegations in the Second Amended Complaint suggest any basis for application of the exceptional doctrine of equitable tolling.[29]

### 2. LEDL Prescriptive Period

Even if Plaintiff had alleged that the defendant employs 20 or more employees within Louisiana, the LEDL provides a one-year prescriptive period to pursue claims of employment discrimination.[30] This one-year period is statutorily suspended during the EEOC's investigation, but the suspension lasts for a maximum of six months.[31] This results in an effective eighteen-month prescriptive period for LEDL claims, even when the EEOC takes longer than 18 months.[32]

Plaintiff filed suit on July 16, 2024, after being terminated on October 28, 2022. Given that he filed suit more than 18 months after his October 28, 2022, termination, his state law disability discrimination claim has prescribed. Again, Plaintiff has not alleged any facts that could establish exceptional circumstances necessary to justify *contra non valentem*.[33]

---

[29] *See Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (recognizing three limited bases for equitable tolling).

[30] LA. REV. STAT. § 23:303(D).

[31] *See id.*

[32] *Burchfield v. S. La. Med. Assocs.*, No. 23-1501, 2023 WL 5952183, at *13 (E.D. La. Sept. 13, 2023) (citations omitted); *Clark v. Auger Servs., Inc.*, 443 F. Supp. 3d 685, 711 (M.D. La. 2020) (noting that plaintiff was only entitled to a six-month suspension where the EEOC issued a right-to-sue letter six months after the charge was filed).

[33] When a claim is prescribed on the face of the complaint, plaintiff bears the burden to show that the claim is not prescribed. *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994); *Winstead v. Ga. Gulf Corp.*, 77 F. App'x 267, 272

## C. **Required Elements of an ADA Claim**

The ADA prohibits employers from discriminating "against a qualified individual on the basis of disability in regard to . . . discharge."[34] The ADA also requires an employer to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity."[35] After being asked for a reasonable accommodation of a disability, the ADA requires an employer to engage in an interactive process (i.e., a meaningful dialogue with the employee to find the best means of accommodating the disability), and the failure to do so is a violation of the ADA.[36] Failure to engage in the interactive process is only actionable if the plaintiff can show a failure to accommodate.[37]

The ADA defines "disability" as follows: "(1) a mental or physical impairment that substantially limits one or more major life activities of an individual; (2) a record of such impairment; or (3) being regarded as having such an impairment."[38] Major life activities include

---

(5th Cir. 2003); *Netherland v. Ethicon, Inc.*, 813 So. 2d 1254, 1261 (La. App. 2d Cir. 2002) ("When the plaintiff's claim is prescribed on its face and the plaintiff asserts the doctrine of *contra non valentem*, the plaintiff is required to prove the facts establishing *contra non valentem*.").

[34] 42 U.S.C. § 12112(a).

[35] *Id.* § 12112(b)(5)(A).

[36] *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 621 (5th Cir. 2009).

[37] *See Silva v. City of Hidalgo*, 575 F. App'x 419, 424 n.3 (5th Cir. 2014) (noting the interactive process claim failed where plaintiff introduced no "evidence that there was an existing vacant desk duty or light duty position, or that ... [the] assessment that no such position was available was flawed"). Although the Fifth Circuit has not addressed the issue, several circuits and district courts in the Fifth Circuit have held that the failure to engage in the interactive process is not an ADA independent claim. *Williams v. Delta Bus Lines, Inc.*, No. 22-87, 2024 WL 560631, at *8 (N.D. Miss. Feb. 12, 2024); *Golden v. City of Longview*, No. 20-620, 2022 WL 2704533, at *11 (E.D. Tex. July 11, 2022), *aff'd*, No. 22-40785, 2023 WL 7443209 (5th Cir. Nov. 9, 2023); *see also Sheng v. M&TBank Corp.*, 848 F.3d 78, 87 (2d Cir. 2017) (stating that "a failure to engage in a good faith interactive process is not an independent violation of the ADA"); *Thompson v. Fresh Prod., LLC*, 985 F.3d 509, 525 (6th Cir. 2021) (finding that "[i]n this circuit, failure to engage in the interactive process does not give rise to an independent claim. Instead, it is a violation of the ADA only if the plaintiff establishes a prima facie case of failure to accommodate.") (internal citations omitted); *Murphy v. Sec'y, U.S. Dep't of Army*, 769 F. App'x 779, 782 (11th Cir. 2019) (stating that "[t]here is no independent cause of action for bad faith interactive process.")

[38] 42 U.S.C. § 12102(1).

such tasks as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working."[39]  And a "qualified individual with a disability" is one with a "disability" who, "with or without reasonable accommodation, can perform the essential functions of the employment position that [he or she] holds or desires."[40]  Plaintiff bears the burden to make a request for reasonable accommodations in order to determine whether the employer met its obligations to assist a disabled employee.[41]

"While the ADA focuses on eradicating barriers, the ADA does not relieve a disabled employee or applicant from the obligation to perform the essential functions of the job."[42]  To establish discrimination under the ADA, a plaintiff must demonstrate that he is a qualified individual with a disability and that the negative employment action happened because of the disability.[43]  To state a claim for failure-to-accommodate, the plaintiff must allege that: (1) he is a qualified individual with a disability; (2) the disability and its limitations were known by his employer; and (3) his employer failed to make reasonable accommodations for such known limitations.[44]  The determination of qualification is two-fold: (1) whether the individual meets the necessary prerequisites for the job (i.e., education, experience, skills) and (2) whether the individual can perform the essential job functions, with or without reasonable accommodation."[45] To be considered a qualified individual, plaintiff must show that: (1) he can perform the essential

---

[39] 29 C.F.R. § 1630.2(i).

[40] § 12111(8).

[41] *Jenkins*, 487 F.3d at 315 (citing *Loulseged v. Akzon Nobel Inc.*, 178 F.3d 731, 735 n.4 (5th Cir. 1999)).

[42] *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 808 (5th Cir. 1997) (citing 29 C.F.R. § 1630, App. Background); *Franklin v. City of Slidell*, 969 F. Supp. 2d 644, 655 (E.D. La. 2013) (Barbier, J.); *Galvan v. City of Bryan*, 367 F. Supp. 2d 1081, 1090 (S.D. Tex. 2004); *accord. Burch v. City of Nacogdoches*, 174 F.3d 615, 621 (5th Cir. 1999).

[43] *Sherrod v. Am. Airlines*, 132 F.3d 1112, 1119 (5th Cir. 1998) (citing § 12112(a)); *see also Gosby v. Apache Indus. Servs., Inc.*, 30 F.4th 523, 526 (5th Cir. 2022); *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590 (5th Cir. 2016) (citing *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014)).

[44] *Strife v. Aldine Ind. Sch. Dist.*, 138 F.4th 237, 245 (5th Cir. 2025) (quoting *Amedee v. Shell Chem., L.P.*, 953 F.3d 831, 837 (5th Cir. 2020) (citing *Feist v. La., Dep't of Just., Off. of the Att'y Gen.*, 730 F.3d 450, 452 (5th Cir. 2013))).

[45] *Foreman*, 117 F.3d at 810 n.14 (citing 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(m)); *see Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 862 (7th Cir. 2005); *Hebert v. Ascension Par. Sch. Bd.*, 396 F. Supp. 3d 686, 699 (M.D. La. 2019).

functions of the job despite his disability; or (2) if he is unable to perform the essential functions of the job, that a reasonable accommodation by the employer would enable him to perform those functions.[46]  Reasonable accommodation may include, among other things, job restructuring or part-time or modified work schedules.[47]

The ADA does not provide coverage based on a diagnosis; rather, the ADA applies based on the disability's impact on a plaintiff's major life activities.[48]  Plaintiff's presents only conclusory assertions regarding his disabilities and the impact of same on his major life activities.  Likewise, Plaintiff makes no allegations regarding the essential functions of his position or whether he could perform same, with or without reasonable accommodation.  Plaintiff's requested accommodation suggests he had attendance issues.  "The ADA does not protect persons who have erratic, unexplained absences, even when those absences are a result of a disability."[49]  Timely arrival and/or physical presence are normally considered essential functions of many jobs,[50] but determining whether attendance and timely arrival are essential functions for a particular position entails a fact-specific inquiry.  The Second Amended Complaint fails to allege any information that would enable an analysis of this consideration.

---

[46] *Weber v. BNSF Ry. Co.* , 989 F.3d 320, 324 (5th Cir. 2021) (citing *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1093 (5th Cir. 1996)); *Clark v. Charter Commc'ns, L.L.C.*, 775 F. App'x 764, 766 (5th Cir. 2019).

[47] § 12111(9).

[48] *Deas v. River West, L.P.*, 152 F.3d 471, 478 (5th Cir. 1998) (noting that a disability determination is not based on the name or diagnosis of an impairment, but rather on the effect that impairment has on the life of the plaintiff).

[49] *Roberts v. Ponchatoula City*, No. 24-362, 2025 WL 1220807, at *5 (E.D. La. Apr. 28, 2025) (Milazzo, J.) (citations omitted).

[50]  Further, time off, whether paid or unpaid, can be a reasonable accommodation, but an employer is not required to provide a disabled employee with indefinite leave. *Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 481 (5th Cir. 2016); *see also Hypes v. First Com. Corp.*, 134 F.3d 721, 727 (5th Cir. 1998) (holding that, even if plaintiff's absences were linked to his alleged disability, plaintiff was still not a "qualified individual" for ADA purposes because (1) attendance was an essential function of his job and (2) plaintiff failed to show that he could have attended work as required even with the requested accommodation).

### D. Retaliation

To state a claim of retaliation, a plaintiff must plead that: (1) he engaged in an activity protected by the ADA; (2) he suffered an adverse employment action; and (3) there exists a causal connection between the protected act and the adverse action.[51] To establish the required causal link, a plaintiff must establish that, but for the protected activity, he would not have been discharged.[52] An employee has engaged in an activity protected by the ADA if he has either (1) opposed any practice made an unlawful employment practice by the ADA or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADA.[53] Requesting a reasonable accommodation under the ADA constitutes participation in an activity protected under the ADA.[54]

Plaintiff's Second Amended Complaint suggests that he is relying on two separate protected activities: (1) filing an EEOC charge and (2) making a reasonable accommodation request. But Plaintiff alleges that he filed his EEOC charge in September 2023, which was almost a year *after* his October 28, 2022, termination. Consequently, Plaintiff cannot establish the causal link based on this protected activity because the EEOC filing could not have motivated Defendant to terminate him during the prior year.[55] And while Plaintiff alleges that he was terminated just two months after requesting reasonable accommodations, Plaintiff fails to set forth any facts indicating that the person who decided to terminate him was aware of his request for reasonable

---

[51] *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 588 (5th Cir. 2020).

[52] *Wheat v. Fla. Par. Juv. Just. Comm'n*, 811 F.3d 702, 705 (5th Cir. 2016) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360, 362 (2013)).

[53] *Grimes v. Tex. Dep't of Mental Health & Mental Retardation*, 102 F.3d 137, 140 (5th Cir. 1996); *Way v. City of Missouri City*, 133 F.4th 509, 522 (5th Cir. 2025).

[54] *Way*, 133 F.4th at 522 (quoting *Feist*, 730 F.3d at 454).

[55] *See Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 306 (5th Cir. 2020) (rejecting retaliation claim premised on action that occurred before protected activity); *Zaffuto v. City of Hammond*, 308 F.3d 485, 493 (5th Cir.) (recognizing that a plaintiff cannot establish causal connection between alleged retaliatory act when same occurs *before* protected activity), *on reh'g in part*, 313 F.3d 879 (5th Cir. 2002).

12

accommodation.  Knowledge of that request would be necessary to establish the required causal link between Plaintiff's protected activity and the alleged retaliation.[56]

### E.  The Motion for Protective Oversight and Threat Assessment

As to Plaintiff's request for a protective order, it does not appear that his alleged threats or injury involve his former employer nor has any defendant been served.  And Plaintiff has not made any assertion that he provided notice of this suit to any defendant.  As such, the Court finds that plaintiff's motion, which is essentially a motion for a preliminary injunction, is premature.[57] Further, with regard to discovery and preservation of evidence, Rule 26(d)(1) of the Federal Rules of Civil Procedure precludes a party from seeking discovery until the parties have conferred as required by Rule 26(f), except when the case is exempt from initial disclosures or when authorized by the rules, by stipulation, or by court order.[58]  Only after an appearance and the required Rule 26(f) conference may discovery commence.[59]  Plaintiff does not state that the parties engaged in the Rule 26(f) conference, as required by Rule 26(d).  As such, any discovery, including third party discovery, would be premature at this time.

To the extent Plaintiff seeks a protective order to preserve evidence, the motion is premature.  A motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  FED. R. CIV. P. 26(c)(1).  Plaintiff has

---

[56] *Kendall*, 2024 WL 4442040, at *7 (citing *Wright*, 990 F.3d at 434); *Lyons*, 964 F.3d at 305 (noting that retaliation must be based on knowledge of the employee's protected activity (citing *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir. 2001) (quoting *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998))).

[57] *See Buckler v. Austin*, No. 22-368, 2023 WL 2557360, at *1 (W.D. Tex. Jan. 20, 2023) (declining to issue a preliminary injunction where "the docket contain[ed] no indication that [the] [p]laintiff ha[d] served any of the [d]efendants with process" and there was no evidence that the defendants were "aware" of the plaintiff's preliminary injunction motion); FED. R. CIV. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party.").

[58] *See, e.g.*, *Chevron USA, Inc. v. Peuler*, No. 02-2982, 2003 WL 139164 (E.D. La. Jan. 15, 2003) (Barbier, J.); *Collier v. Shell Offshore, Inc.*, No. 14-2090, 2015 WL 13048735 (E.D. La. Mar. 17,  2015) (Roby, M.J.).

[59] *Collier,* 2015 WL 13048735 at *1 (citing FED. R. CIV. P. 26(d)(1)).

failed to certify that he has "in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." *Id.* This certification requirement is the same as that of Rule 37(a)(1).[60] And the failure to engage in the required meet and confer before filing a motion to compel constitutes sufficient reason in itself to deny the motion.[61] Indeed, courts routinely deny discovery motions for failure to comply with Rule 37(a)(1).[62]

Moreover, a party to litigation has a duty to preserve evidence once "the party has notice that the evidence is relevant to the litigation or should have known that the evidence may be relevant."[63] When a party should reasonably anticipate litigation, it must preserve what it knows, or reasonably should know, is relevant in the action or reasonably likely to be requested during discovery and/or is the subject of a pending discovery request.[64] Thus, the law already imposes a duty to preserve material evidence not only during litigation, but also during the period before litigation when a party knew or should have known that litigation was imminent. It does not

---

[60] FED. R. CIV. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); *see also Riverbend Env't Servs., LLC v. Crum & Foster Specialty Ins. Co.*, No. 22-31, 2023 WL 2563228, *3 (S.D. Miss. Mar. 17, 2023) ("Both [Rule] 26(c)(1) and [Rule] 37(a)(1) require a certification of good faith."); *Prince v. Transportes Zuazua LLC*, No. 17-21, 2018 WL 2985910 (S.D. Tex. Apr. 6, 2018) (noting meet-and-confer certification required for a Rule 26(c)(1) motion is the "same" required for a Rule 37 motion to compel); *Brown v. Bridges*, No. 12-4947, 2015 WL 11121361, at *3 (N.D. Tex. Jan. 30, 2015); *Baxter v. Louisiana*, No. 21-555, 2022 WL 1509118, at *2 n.11 (M.D. La. May 12, 2022).

[61] *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014) (citations omitted); *see also McAllister v. McDermott, Inc., No.* 18-361, 2019 WL 6065704, at *2 (M.D. La. Nov. 15, 2019) (citing *Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention)).

[62] *See, e.g.*, *Greer v. Bramhall*, 77 F. App'x 254, 255 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying motion to compel for failing to follow Rule 37); *D.H. Griffin Wrecking Co. v. 1031 Canal Dev., L.L.C.*, No. 20-1051, 2020 WL 8265341, at *3 (E.D. La. Apr. 16, 2020) (citations omitted).

[63] *Guzman v. Jones,* 804 F.3d 707, 713 (5th Cir. 2015) (citing *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010)).

[64] *See Mixon v. Pohlman*, No. 20-1216, 2022 WL 2867091, at *5 (E.D. La. July 21, 2022) (citations omitted).

14

depend on a court order.[65]   Any concern regarding the intentional destruction of evidence is addressed by Rule 37, the spoliation of evidence doctrine, and the availability of sanctions.[66]

F. **Leave to Amend**

The Court will "freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a).  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [plaintiff] ought to be afforded an opportunity to test [the] claim on the merits."[67] Nevertheless, leave to amend "is by no means automatic."[68]  The relevant factors in assessing leave to amend are "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."[69]  Amendment is deemed futile if, for instance, "it would fail to survive a Rule 12(b)(6) motion."[70]

## IV.    CONCLUSION AND RECOMMENDATIONS

While leave to amend the ADA claim would ordinarily be recommended to allow Plaintiff an opportunity to cure the deficiencies outlined in Section III(C) as necessary to state a claim, because the claims are prescribed on the face of the complaint, amendment is futile.  Accordingly, for the foregoing reasons, Plaintiff's claims should be dismissed as a matter of law.

Accordingly, for the foregoing reasons,

---

[65] *See Consol. Aluminum Corp. v. Alcoa, Inc*., 244 F.R.D. 335, 339 (M.D. La. 2006) (noting that a party must preserve materials that it reasonably knows or can foresee would be material to a legal or potential legal action (citing *Zubulake v. UBS Warburg, LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003)).

[66] *Coastal Bridge Co. v. Heatec, Inc.*, 833 F. App'x 565, 573 (5th Cir. 2020) (citing *Menges v. Cliffs Drilling Co*., No. 99-2159, 2000 WL 765082, at *1 (E.D. La. June 12, 2000) (citing *Vodusek v. Bayliner Marine Corp*., 71 F.3d 148, 156 (4th Cir. 1995); *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 78 (3d Cir. 1994))); *see also St. Tammany Par. Hosp. Serv. Dist. No. 1 v. Travelers Prop. Cas. Co. of Am.*, 250 F.R.D. 275, 277 (E.D. La. 2008) (citation omitted).

[67] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[68] *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994).

[69] *Foman*, 371 U.S. at 182.

[70] *Marucci Sports, L.L.C. v. Nat'l Coll. Athl. Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014); *Vlasek v. Wal-Mart Stores, Inc.*, No. 07-0386, 2007 WL 2402183, at *3 (S.D. Tex. Aug. 20, 2007) (leave to amend should be denied if "allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency").

**IT IS RECOMMENDED** that Plaintiff's Second Amended Complaint be **DISMISSED WITH PREJUDICE** and without leave to amend.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Protective Oversight and Request for Threat-Assessment Referral be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[71]

New Orleans, Louisiana, this __25th__ day of March, 2026.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[71] *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).