UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID WAYNE GIBSON, JR. | * | CIVIL ACTION |
| VERSUS | * | NO. 25-00353 |
| AMERICAN TRAVEL ASSOCIATES, ET AL. | * | SECTION "T" (2) |

**ORDER**

Before the Court is the Report and Recommendation regarding Plaintiff David Wayne Gibson Jr.'s claims. R. Doc. 29. The report recommends that Plaintiff's claims against American Travel Associates be dismissed with prejudice and without leave to amend for failure to state a claim and as facially prescribed. *Id.* at 15-16. Plaintiff filed an Objection. R. Doc. 30. After making an independent review of the pleadings, files, and records in this case, the Court OVERRULES the Objection and ADOPTS the Magistrate Judge's recommendation.

## I.    LEGAL STANDARD

A party may file specific, written objections to the proposed findings and recommendations of the magistrate judge within fourteen days after being served a copy of the report and recommendation, thereby securing de novo review by the district court. 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b). A district court need not consider "[f]rivolous, conclusive, or general objections."[1]

## II.    ANALYSIS

Plaintiff filed objections on April 5, 2026, arguing that equitable tolling due to medical treatment for his cancer condition justifies his failure to file an EEOC charge within 300 days of his termination and thus overcomes the prescription/statute of limitations bar. R. Doc. 30. The

---

[1] *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)).

issue may be resolved in a Rule 12(b)(6) analysis based on the insufficiency of Plaintiff's allegations.[2]

Equitable tolling is applied sparingly.[3]  It is warranted only in situations "where the plaintiff is actively misled by the defendant . . . or is prevented in some extraordinary way from asserting his rights."[4]  In the context of an ADA suit, the Fifth Circuit has recognized at least three potential bases for equitable tolling: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights.[5]

Plaintiff's Second Amended Complaint contains no factual allegations regarding alleged incapacity during the 300-day period within which to file an EEOC charge, and the barebones assertion in his objection likewise fails to justify application of equitable tolling in this case.[6]  After having conducted a de novo review of the Second Amended Complaint, the Report and Recommendation, the objection to the Report and Recommendation, and the applicable laws, the Court rejects Plaintiff's equitable tolling argument and adopts the Magistrate Judge's findings and recommendations.

---

[2] *See Lewis v. La. State Univ.*, No. 21-198, 2021 WL 4139138, at *7 (M.D. La. Sept. 10, 2021).

[3] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113–14 (2002).

[4] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

[5] *DeBlanc v. St. Tammany Par. Sch. Bd.*, 640 F. App'x 308, 310 (5th Cir. 2016) (citing *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003)).

[6] *See Caldwell v. Dretke*, 182 F. App'x 346, 347 (5th Cir. 2006) (per curiam) (holding a plaintiff must make a specific showing regarding "the impact of his medical condition on his ability to file a timely application" to invoke equitable tolling due to a medical condition); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (holding that period of incapacity during one-year statute of limitation does not warrant equitable tolling); *Quina v. Owens–Corning Fiberglas Corp.*, 575 F.2d 1115, 1117–19 (5th Cir.1978) (barebones allegation of "emotional and mental shock" insufficient to support equitable tolling); *McHenry v. Dir., Tex. Dep't of Crim. Just.*, 2024 WL 2703041, at *3 (N.D. Tex. Apr. 24, 2024) ("Unsupported, conclusory assertions of mental illness cannot support equitable tolling.")*, R.&R. adopted*, 2024 WL 2702662 (N.D. Tex. May 24, 2024).

### III.    <u>CONCLUSION</u>

For the foregoing reasons and after de novo review, the Court OVERRULES Plaintiff's Objection, APPROVES and ADOPTS the Magistrate Judge's recommendation, DISMISSES Plaintiff's Second Amended Complaint with prejudice and DENIES his Motion for Protective Oversight and Threat Assessment Referral.  Accordingly,

**IT IS ORDERED** that Plaintiff David Wayne Gibson, Jr.'s Second Amended Complaint is **DISMISSED WITH PREJUDICE** and without leave to amend.

**IT IS FURTHER ORDERED** that his Motion for Protective Oversight and Request for Threat-Assessment Referral (R. Doc. 28) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal Document (R. Doc. 31) is **GRANTED**.

New Orleans, Louisiana, this ___24th___ day of _____April_____, 2026.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE